# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

JAMIE STIEVE, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

INFINTE CAMPUS, INC.,

Defendant.

Case No. 26-cv-2042 (LMP/EMB)

---

WALTER HALL, *individually and on behalf of all other similarly situated*,

Plaintiff,

v.

INFINITE CAMPUS, INC.,

Defendant.

Case No. 26-cv-2046 (LMP/EMB)

---

TIFFANY CLARK, *individually and on behalf of all others similarly situated*,

Plaintiff,

v.

INFINITE CAMPUS, INC.,

Defendant.

Case No. 26-cv-2051 (LMP/EMB)

---

VIRGINIA CARVER, *individually and on behalf of all others similarly situated*,

> Plaintiff,

v.

INFINITE CAMPUS, INC.,

> Defendant.

Case No. 26-cv-2191 (LMP/EMB)

---

CASSIE HELGESON, *individually and on behalf of all others similarly situated*,

> Plaintiff,

v.

INFINITE CAMPUS, INC.,

> Defendant.

Case No. 26-cv-2306 (LMP/EMB)

---

## ORDER ON MOTIONS TO CONSOLIDATE ACTIONS AND MOTIONS TO APPOINT INTERIM CO-LEAD COUNSEL

Plaintiffs in these five cases each bring putative class actions against Defendant Infinite Campus, Inc., relating to an alleged data breach involving Infinite Campus's servers that occurred on or around March 18, 2026 (the "Data Breach"). *See generally Stieve v. Infinite Campus, Inc.*, No. 26-cv-2042, ECF No. 1 (D. Minn. filed Mar. 25, 2026); *Hall v. Infinite Campus, Inc.*, No. 26-cv-2046, ECF No. 1 (D. Minn. filed Mar. 26, 2026); *Clark v. Infinite Campus, Inc.*, No. 26-cv-2051, ECF No. 1 (D. Minn. filed Mar. 26, 2026); *Carver v. Infinite Campus, Inc.*, No. 26-cv-2191, ECF No. 1 (D. Minn. filed Apr. 9, 2026); *Helgeson v. Infinite Campus, Inc.*, No. 26-cv-2306, ECF No. 1 (D. Minn. filed Apr. 21,

2

2026).  This matter is before the Court on Plaintiffs' motions to consolidate these cases and to appoint interim co-lead counsel.  *Stieve*, ECF Nos. 10, 14; *Hall*, ECF Nos. 12, 16; *Clark*, ECF Nos. 9, 13; *Carver*, ECF Nos. 10, 14; *Helgeson*, ECF Nos. 11, 15.  Infinite Campus does not oppose Plaintiffs' motions.  *See, e.g.*, *Stieve*, ECF No. 11 at 3 n.2; *id.*, ECF No. 15 at 3 n.1.  For the reasons discussed below, Plaintiffs' motions are granted.

## DISCUSSION

### I.    Consolidation

Under Rule 42 of the Federal Rules of Civil Procedure, a court may consolidate cases in which the claims and issues share common questions of law or fact.  *EEOC v. HBE Corp.*, 135 F.3d 543, 550 (8th Cir. 1998) (citing Fed. R. Civ. P. 42(a)).  Consolidation is appropriate if it helps avoid "unnecessary cost or delay" and furthers judicial economy.  *Id.* A district court has "substantial discretion" in deciding whether to consolidate cases. *Hall v. Hall*, 584 U.S. 59, 77 (2018).

Plaintiffs, each individually and on behalf of a putative class, assert substantively similar causes of action against Infinite Campus relating to the same underlying factual event: the alleged Data Breach which purportedly disclosed Plaintiffs' private information. *See Stieve*, ECF No. 1 ¶¶ 73–118; *Hall*, ECF No. 1 ¶¶ 72–117; *Clark*, ECF No. 1 ¶¶ 74–119; *Carver*, ECF No. 1 ¶¶ 78–130; *Helgeson*, ECF No. 1 ¶¶ 73–112.  Because Plaintiffs' claims "each arise out of the same data breach, contain overlapping causes of action, and seek to represent the same class of individuals, all of the . . . actions will involve common questions of law and fact."  *Schultz v. TD Ameritrade, Inc.*, No. 8:23-cv-375, 2023 WL

6621073, at *1 (D. Neb. Oct. 11, 2023).  Consolidation therefore is appropriate.[1]  *See* Fed. R. Civ. P. 42(a).

## II.     Appointment of Interim Co-Lead Counsel

Rule 23 of the Federal Rules of Civil Procedure provides that a court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  Designating interim counsel is appropriate where "overlapping, duplicative, or competing class suits are pending before a court" and "appointment of interim counsel is necessary to protect the interests of class members."  *Niosi v. Eisner Advisory Grp. LLC*, No. 25-cv-1409 (LMP/DTS), 2025 WL 1502938, at *2 (D. Minn. May 27, 2025) (citation omitted).  The Court considers the proposed class counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class action and complex litigation and the types of claims asserted in the action; (3) knowledge of the applicable law; and (4) available resources.  *Id.*; *see* Fed. R. Civ. P. 23(g)(1)(A).

Plaintiffs request the appointment of Bryan L. Bleichner of Chestnut Cambronne PA and David A. Goodwin of Gustafson Gluek PLLC as interim co-lead counsel to act on Plaintiffs' behalf and on behalf of a putative class of plaintiffs.  *See, e.g.*, *Stieve*, ECF No. 15 at 3.  Although Rule 23(g) does not specifically contemplate co-lead counsel structures, "it

---

[1]     Although Infinite Campus does not oppose consolidation, it "expressly reserves all [its] rights, remedies, defenses, objections, and arguments" relating to Plaintiffs' allegations, including its right to move for dismissal of Plaintiffs' claims and its right to oppose class certification "on all available grounds, including the absence of questions of law and fact common to the putative class or classes."  *E.g.*, *Stieve*, ECF No. 11 at 3 n.2.

is not unusual for multiple firms to serve as interim co-lead counsel." *Moehrl v. Nat'l Ass'n of Realtors*, No. 19-cv-1610, 2020 WL 5260511, at *2 (N.D. Ill. May 30, 2020) (collecting cases). This is particularly so "where a case is complex, involves many potential class members, and the proposed co-lead counsel can work harmoniously." *Niosi*, 2025 WL 1502938, at *2 (collecting cases).

Under the circumstances presented here, appointment of co-lead counsel is appropriate. Plaintiffs allege that the Data Breach affected more than one million individuals, *see, e.g.*, *Stieve*, ECF No. 1 ¶ 64, and Bleichner and Goodwin represent that they are "committed to working cooperatively and efficiently for the benefit of the class," *id.*, ECF No. 15 at 17. Further, Bleichner and Goodwin, and their respective firms, have extensive experience litigating nationwide consumer class actions and data breach cases and have ample resources to effectively litigate this case moving forward. *See id.* at 10–17; *see generally id.*, ECF Nos. 15-1, 15-2. The Court is assured that Bleichner and Goodwin, together with their respective firms, are capable of serving as co-lead counsel. Accordingly, Plaintiffs' motion to appoint Bleichner and Goodwin as interim co-lead counsel is granted.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Plaintiffs' Motions to Consolidate Actions (*Stieve*, ECF No. 10; *Hall*, ECF No. 12; *Clark*, ECF No. 9; *Carver*, ECF No. 10; *Helgeson*, ECF No. 11) are **GRANTED** as follows:

a. *Hall v. Infinite Campus, Inc.*, No. 26-cv-2046 (D. Minn.), *Clark v. Infinite Campus, Inc.*, No. 26-cv-2051 (D. Minn.), *Carver v. Infinite Campus, Inc.*, No. 26-cv-2191 (D. Minn.), and *Helgeson v. Infinite Campus, Inc.*, No. 26-cv-2306 (D. Minn.), are consolidated with *Stieve v. Infinite Campus, Inc.*, No. 26-cv-2042 (D. Minn.);

b. *Stieve v. Infinite Campus, Inc.*, No. 26-cv-2042 (D. Minn.), as the first-filed case, shall serve as the lead case;

c. All future pleadings, motions, and other documents in this matter shall be filed in *Stieve v. Infinite Campus, Inc.*, No. 26-cv-2042 (D. Minn.);

d. Within 21 days of the date of this Order, Plaintiffs must file a consolidated amended complaint;

e. Upon the filing of a consolidated amended complaint, *Hall v. Infinite Campus, Inc.*, No. 26-cv-2046 (D. Minn.), *Clark v. Infinite Campus, Inc.*, No. 26-cv-2051 (D. Minn.), *Carver v. Infinite Campus, Inc.*, No. 26-cv-2191 (D. Minn.), and *Helgeson v. Infinite Campus, Inc.*, No. 26-cv-2306 (D. Minn.), shall be administratively closed; and

f. This Order shall apply to all subsequently filed class actions brought by or on behalf of individuals raising similar factual allegations and asserting similar causes of action to those in the above-captioned consolidated actions relating to the Data Breach;

2. Plaintiffs' Motions to Appoint Interim Co-Lead Counsel (*Stieve*, ECF No. 14; *Hall*, ECF No. 16; *Clark*, ECF No. 13; *Carver*, ECF No. 14; *Helgeson*, ECF No. 15) are **GRANTED** as follows:

a. Bryan L. Bleichner of Chestnut Cambronne PA and David A. Goodwin of Gustafson Gluek PLLC are appointed as Interim Co-Lead Class Counsel;

b. Interim Co-Lead Class Counsel must assume responsibility for the following duties during all phases of litigation:

i. Coordinating the work of preparing and presenting all of Plaintiffs' claims and otherwise coordinating all proceedings, including organizing and supervising the efforts of Plaintiffs' counsel in a manner to ensure that Plaintiffs' preparation is conducted effectively, efficiently, expeditiously, and economically;

6

ii.    Delegating work responsibilities and monitoring the activities of all Plaintiffs' counsel in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

iii.   Calling meetings of Plaintiffs' counsel for any appropriate purpose, including coordinating responses to questions of other parties or of the Court, and initiating proposals, suggestions, schedules, and any other appropriate matters;

iv.    Determining (after consultation with other co-counsel as may be appropriate) and presenting (in briefs, oral argument, or such other fashion as his designee may deem appropriate) to the Court and opposing parties the position of Plaintiffs on all matters arising during pretrial (and, if appropriate, trial) proceedings;

v.     Serving as the primary contact for all communications between Plaintiffs and Infinite Campus, and acting as spokespersons for all Plaintiffs vis-à-vis Infinite Campus and the Court;

vi.    Directing and executing on behalf of Plaintiffs the filing of pleadings and other documents with the Court;

vii.   Appearing at all Court hearings and conferences regarding the case as most appropriate for effective and efficient representation, and speaking for Plaintiffs at all such hearings and conferences;

viii.  Receiving and initiating communication with the Court and the Clerk of Court (including receiving orders, notices, correspondence, and telephone calls) and dispensing the content of such communications among Plaintiffs' counsel;

ix.    Initiating, coordinating, and conducting discussions and negotiations with counsel for Infinite Campus on all matters, including settlement;

x.     Selecting, consulting with, and employing experts for Plaintiffs, as necessary;

xi.    Encouraging and enforcing efficiency among all Plaintiffs' counsel;

7

xii.    Assessing Plaintiffs' counsel for the costs of the litigation;

xiii.    Preparing and distributing periodic status reports to the Court and to the parties as ordered;

xiv.    Developing and recommending for Court approval practices and procedures pertaining to attorneys' fees and expenses as further detailed below and, on an ongoing basis, monitoring and administering such procedure;

xv.    At such times as may be appropriate, recommending apportionment and allocation of fees and expenses subject to Court approval; and

xvi.    Performing such other duties as are necessary in connection with the prosecution of this litigation or as may be further directed by the Court;

c.    Any discussions of a settlement in this litigation shall be conducted by Interim Co-Lead Counsel and their designees;

d.    In advance of any status conferences, Interim Co-Lead Counsel and Infinite Campus's counsel will meet and confer regarding the agenda for the conference and, unless otherwise ordered, Interim Co-Lead Counsel and Infinite Campus's counsel will file a joint notice setting out a proposed agenda and the parties' joint and/or respective positions no later than five calendar days prior to each status conference;

e.    This Order applies to all actions including in the above-captioned consolidated matters and all subsequently consolidated actions; and

f.    Interim Co-Lead Counsel must serve a copy of this Order and all future orders promptly by overnight delivery service, facsimile, or other expeditious electronic means on counsel for Plaintiffs in each related action not yet consolidated in this proceeding, to the extent that Interim Co-Lead Counsel are aware of any such actions, and on all attorneys for Plaintiffs whose cases have been so consolidated but who have not yet registered for the Court's electronic filing system.

Dated: May 20, 2026

s/Laura M. Provinzino
Laura M. Provinzino
United States District Judge

8